# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Federal National Mortgage Association, | Case No. 22-cv-3117 (KMM/DJF) |
| Plaintiff, | |
| v. | **ORDER REMANDING CASE** |
| Donald Mashak; The Provident Bank; John Doe; and Mary Roe, | |
| Defendants. | |

Over seven years ago, plaintiff Federal National Mortgage Association commenced a mortgage foreclosure action against defendant Donald Mashak. *See Federal National Mortgage Association v. Mashak*, No. 15-CV-3791 (JRT/FLN), 2016 WL 1239248, at *1 (D. Minn. Mar. 29, 2016). Mr. Mashak attempted to remove the proceedings to federal court, but to no avail: the foreclosure action could not have been brought in federal court and therefore could not be removed to federal court. *See id.* (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

The foreclosure proceeding is still ongoing, and Mr. Mashak has returned to federal court to take another crack at removing the case pursuant to 28 U.S.C. § 1441(a). Plaintiff has moved to remand the action to the Wright County District Court. Because the Court no more has jurisdiction over the proceeding today than it did when Mr. Mashak first attempted to remove the litigation to federal court, Plaintiff's motion is granted.

1

No federal claim for relief is apparent on the face of the state-court complaint, *see* ECF No. 1-5 at 1–7, and Mr. Mashak, who is a citizen of Minnesota, cannot rely upon diversity of citizenship as a basis for removal, *see* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Everything explained in the remand Order entered in this District several years ago still applies today. *See Mashak*, 2016 WL 1239248, at *1–3. Mr. Mashak's arguments to the contrary are unpersuasive. *See* ECF No. 27 at 10–15.

Mr. Mashak also argues that this Court has jurisdiction over the proceeding because he intends to present claims under 18 U.S.C. § 241 against the defendants. But there are two problems with that argument. First, § 241 is a criminal statute that does not provide a private right of action. *See, e.g.*, *United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1996). Second, even if a private litigant could prosecute claims under § 241, the question of whether this lawsuit may be removed to federal court turns on the contents of the *initial* complaint, and not on any counterclaims that Mr. Mashak as defendant might intend to raise. *See Taft v. Burlington Northern R.R. Corp.*, 926 F. Supp. 866, 868 (Minn. 1996) (explaining well-pleaded complaint rule).

Moreover, Mr. Mashak's latest attempt at removal would be untimely even if it were otherwise proper. "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). The first time that Mr. Mashak filed a notice of removal, the Court

concluded, as a matter of Minnesota law, that the lawsuit was served in 2015. *See Mashak*, 2016 WL 1239248, at *1-3. This lawsuit now lies miles beyond the 30-day removal deadline, even if it were removeable at all—which, again, it is not.

Finally, Mr. Mashak asks for additional time to file a responsive brief to the Plaintiff's motion to remand, and alternatively, that the motion to remand be stricken from the record for failure to comply with the meet-and-confer requirements. ECF No. 27. Though Mr. Mashak raises concerns about lack of legal training and insufficient time to file a responsive brief or retain counsel, he has already filed a memorandum in opposition to the motion and several additional related documents in support of his position. In addition, the Court finds no violation of the meet-and-confer requirements. This motion will be denied.

For these reasons, this matter will be remanded to state court for a second time due to lack of jurisdiction. Mr. Mashak's pending application to proceed *in forma pauperis* will be denied as moot.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, I IS HEREBY ORDERED THAT:

1. The Motion to Remand [ECF No. 8] filed by Plaintiff Federal National Mortgage Association is GRANTED.

2. This matter is REMANDED to the State of Minnesota District Court, Tenth Judicial District, County of Wright.

3. The application to proceed *in forma pauperis* of Defendant Donald Mashak [ECF No. 3] is DENIED.

4. Mr. Mashak's Motion to Strike and for an Extension of Time [ECF No. 27] is DENIED.

**Let Judgment be Entered Accordingly.**

Date: February 8, 2023

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge