# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Federal National Mortgage Association, | Case No. 22-CV-3117 (KMM/DJF ) |
| Plaintiff, | |
| v. | **ORDER** |
| Donald Mashak, et al., | |
| Defendant. | |

On February 8, 2023, the Court issued an Order remanding this matter to the State of Minnesota District Court, Tenth Judicial District, County of Wright. [ECF No. 33.] On March 13, 2023, Defendant Donald Mashak filed a notice of appeal to the Eighth Circuit Court of Appeals along with an application to proceed in forma pauperis on appeal ("Appellate IFP Application"). [ECF Nos. 45–46.] Defendant's Appellate IFP Application is now before the Court.

A litigant who wishes to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status. 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a). To qualify, the litigant must demonstrate that he cannot afford to pay the filing fee, 28 U.S.C. § 1915(a)(1), and from the disclosures in his Appellate IFP Application, Mr. Mashak appears to be financially eligible for IFP status. However, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id.* § 1915(a)(3). To determine whether an appeal is taken in good faith, courts consider whether the claims to be decided on appeal are frivolous. *Coppedge v. United States*, 369

U.S. 438, 445 (1962). An appeal is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, Defendant's appeal is frivolous because the Court's order remanding this case to state court for lack of subject-matter jurisdiction is not appealable. 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise. . . ."); *Arnold Crossroads, LLC v. Gander Mountain Co.*, 751 F.3d 935, 939 (8th Cir. 2014) ("Our court has recognized that appellate jurisdiction is lacking over remand orders which are based on a procedural defect or lack of subject matter jurisdiction.") (quotation marks omitted). This is precisely the same conclusion that District Judge John R. Tunheim reached when he previously remanded this case to state court following Mr. Mashak's earlier removal of the action in 2015. *Fed. Nat'l Morg. Assoc. v. Mashak*, No. 15-CV-3791 (JRT/FLN), Doc. No. 42 (D. Minn. May 3, 2016) (Order certifying that the appeal from the order of remand was not taken in good faith and denying appellate IFP application). Mr. Mashak was reminded then that he had previously been told that he cannot appeal an order remanding litigation to state court under 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction. *Id.* at 2 (citing *Capital One Bank (USA) NA v. Mashak*, No. 13-CV-2418 (PJS/FLN), Doc. No. 22) (D. Minn. Feb. 6, 2014)). Now, just as it was then, Mr. Mashak lacks a good-faith basis on which to appeal the Court's remand order and his Appellate IFP Application [ECF No. 46] is **DENIED**.

Date: March 22, 2023                                  *s/ Katherine M. Menendez*
                                                      Katherine M. Menendez
                                                      United States District Judge