UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Federal National Mortgage Association, | No. 22-cv-3117 (KMM/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Donald Mashak, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Federal National Mortgage Association's ("Fannie Mae") Motion for Sanctions. [Doc. 37.] Fannie Mae seeks an Order awarding its attorney's fees, costs, and expenses against Defendant Donald Mashak pursuant to Fed. R. Civ. P. 11, 28 U.S.C. §§ 1447(c) and 1927, and the Court's inherent power on grounds that Mr. Mashak removed this case to federal court frivolously and vexatiously, engaged in inappropriate litigation tactics, and improperly refused to consent to remand of his case to state court. In addition, Fannie Mae requests an Order precluding Mr. Mashak from filing any court actions in federal court unless he first obtains prior court approval or is represented by counsel, and prospectively denying any application for *in forma pauperis* status. Although the time allotted by the District of Minnesota's Local Rules for filing a response to the sanctions motion had expired, the Court set a briefing schedule on March 22, 2023 to give Mr. Mashak an additional opportunity to weigh in. Pursuant to that briefing Order, Mr. Mashak's response was due April 12, 2023. He has neither requested

an extension of that deadline nor filed any response. For the reasons that follow, Fannie Mae's motion is granted.

## BACKGROUND

The basis for Fannie Mae's request that sanctions be imposed includes Mr. Mashak's actions in this case along with his conduct in past litigation. Mr. Mashak is not an unfamiliar litigant in federal court. Fannie Mae argues that the following litigation history supports the imposition of its requested sanctions.

### *2011 RCS Case*

Fannie Mae's predecessor, Residential Credit Solutions ("RCS"), filed an action in state court in September of 2011 to reform the legal description of real property located in Wright County encumbered by a mortgage "to include a parcel that was allegedly omitted from the legal description when the mortgage was recorded." *Residential Credit Sols., Inc. v. Mashak*, No. 12-cv-74 (PAM/JJK), Doc. 20 (D. Minn. Apr. 19, 2012) ("2012 RCS Remand Order"). In December of 2011, Mr. Mashak attempted to remove that action to federal court. Although he argued that there was diversity jurisdiction, when the court issued the 2012 RCS Remand Order, it explained that "two of the co-Defendants are occupants of the property and therefore indisputedly Minnesota residents, [and therefore] Mr. Mashak could not reasonably have believed there was complete diversity among the parties." 2012 RCS Remand Order at 2–3. The court also observed that there was likely no federal question jurisdiction, but in any event, the removal was procedurally improper because all defendants did not join in or consent to removal of the action under 28 U.S.C. § 1446(b)(2)(A). *Id.* at 3. The Eighth Circuit dismissed Mr. Mashak's appeal from the

remand order. *Id.*, Doc. 30 (D. Minn. June 21, 2012). Following remand, the state court ultimately granted Mr. Mashak's motion for summary judgment as to RCS's claim for reformation of the mortgage and denied his fifteen counterclaims with prejudice for failure to state a claim. [Doc. 1-5 at 41–51.]

### *2012 RCS Case*

In another case concerning the Wright County property, filed by Mr. Mashak on June 1, 2012, he named RCS, Provident Bank, the Federal Reserve Bank System, Franklin First Financial Corporation, and several John and Jane Does as defendants. *Mashak v. Residential Credit Sols.*, No. 12-cv-1333 (MJD/JJG), Doc. 1 (D. Minn. June 1, 2012). Summarizing his claims, the court explained:

> Plaintiff is suing Defendants for multiple claims including unlawful foreclosure, breach of contract, fraud, violations of the Real Estate Settlement and Procedures Act, violations of the Truth in Lending Act, intentional or negligent false inflation of property value, criminal conspiracy, civil conspiracy, the Fair Debt Collection Act, the Fair Credit Reporting Act, breach of fiduciary duty, negligence, unconstitutionality of the Federal Reserve Bank System, violation of the Thirteenth Amendment, insider trading, engaging in unconscionable acts, and emotional distress.

*Mashak v. Residential Credit Sols. Corp.*, Civil No. 12-1333 (MGD/JJG), 2013 WL 593430 (D. Minn. Jan. 10, 2013) (R&R). Defendant Federal Reserve Bank System moved to dismiss the complaint. Before any of the other defendants responded to the complaint, Mr. Mashak filed a motion to withdraw his complaint and dismiss the entire action, which was granted. *Id.*, 2013 WL 593427 (D. Minn. Feb. 14, 2013) (Order adopting R&R).

3

*2013 Capital One Case*

In 2013, Capital One Bank (USA), N.A. commenced an action in state district court in Wright County seeking a money judgment against Mr. Mashak in connection with a credit account agreement. Essentially, Capital One alleged that Mr. Mashak used a credit card the bank had issued to him, but he failed to pay what he owed under the terms of the credit agreement. *Capital One Bank (USA), N.A. v. Mashak*, No. 13-cv-2418, Doc. 16 (D. Minn. Jan. 8, 2014) (R&R). Mr. Mashak removed the case to this court, but he was instructed him to amend his notice of removal to clearly identify the basis for removal. In addition, the court required Mr. Mashak to provide copies of all process, pleadings, and orders from the state court record. *Id.*, Doc. 16 at 2. Ultimately the court concluded that Mr. Mashak failed to identify any proper grounds for removal because there was no federal question alleged in Capital One's complaint and Mr. Mashak was not entitled as a citizen of Minnesota to remove the action under 28 U.S.C. § 1441(b)(2). *Id.* at 4–7; *id.*, Doc. 17 (D. Minn. Jan. 27, 2014) (Order adopting R&R).

In denying Mr. Mashak's request for permission to proceed *in forma pauperis* on appeal, United States District Judge Patrick J. Schiltz concluded that the appeal was frivolous for two reasons. First, Mr. Mashak attempted to remove the case from state court, but jurisdiction was lacking because no federal question was presented in the pleadings, diversity jurisdiction did not apply. Second, Judge Schiltz explained that an order remanding the case to state court was not appealable. *Id.*, Doc. 22 (D. Minn. Feb. 6, 2014). Undeterred by the denial of his appellate IFP application, Mr. Mashak moved forward with his appeal of the remand order to the Eighth Circuit, but his appeal was dismissed for lack

4

of jurisdiction. *Id.*, Doc. 28 (D. Minn. Mar. 31, 2014) (USCA Judgment). After the matter was remanded to state court, Capital One's motion for summary judgment was granted by the state district court, and the Minnesota Court of Appeals affirmed that decision. *Capital One Bank, N.A. v. Mashak*, No. A15-0678, 2015 WL 7941564 (Minn. Ct. App. Dec. 7, 2015).

   *2015 Foreclosure Case*

As this Court has previously explained, this installment of litigation between Mr. Mashak and Fannie Mae has been in the United States District Court for the District of Minnesota twice. Both times, the case came to federal court by way of Mr. Mashak's attempted removal. The first time around, in 2015, Fannie Mae initiated a foreclosure action against Mr. Mashak in state court concerning real property located in Wright County. *See Fed. Nat'l Mortg. Ass'n. v. Mashak*, Civil No. 15-3791 (JRT/FLN), 2016 WL 1239248, at *1 (D. Minn. Mar. 29, 2016) ("*Mashak I*"). Mr. Mashak attempted to remove the proceedings to federal court, but United States District Judge John R. Tunheim concluded that the removal was not appropriate. In *Mashak I*, Judge Tunheim found that the foreclosure action could not have been brought in federal court because there was no basis for federal jurisdiction. *See id*. The case was remanded to state court, but in light of Mr. Mashak's status as a *pro se* litigant, Judge Tunheim concluded that there was no definitive indication that his attempt to remove the case had been unreasonable. *Id.* at *4.

Mr. Mashak sought leave to file an appeal of the remand order *in forma pauperis*, just as he had in his prior case involving Capital One. *Id.*, Doc. 41 (D. Minn. Apr. 14, 2016) (IFP Application). But Judge Tunheim denied that request for the following reasons:

5

> Mashak's appeal is frivolous because the Court's order remanding this case to state court is not appealable. *See* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."); *Vincent v. Dakota, Minnesota & Eastern R.R. Corp.*, 200 F.3d 580, 581-82 (8th Cir. 2000). Indeed, Mashak should know this, as he has been told by the Court previously that he cannot appeal an order remanding litigation to state court under 28 U.S.C. § 1447(c) for lack of subject-matter jurisdiction. *See Capital One Bank (USA) NA v. Mashak*, No. 13-CV-2418 (PJS/FLN), Docket No. 22 (D. Minn. Feb. 6, 2014). There is no good-faith basis upon which Mashak can base his attempt to appeal. Accordingly, Mashak's motion for leave to appeal IFP is denied.

*Id.*, Doc. 42 (D. Minn. May 3, 2016) (Order denying IFP). The Eighth Circuit dismissed Mr. Mashak's appeal for lack of jurisdiction. *Id.*, Doc. 42 (D. Minn. May 17, 2016) (USCA Judgment).

### *This Case*

Although the foreclosure proceeding was remanded to state court in 2016, it remained in litigation there for several years. Mr. Mashak attempted to remove it again in 2022, initiating this case. Fannie Mae moved to remand the action to Wright County District Court, and this Court granted that motion, concluding that there was no basis for federal jurisdiction. [Doc. 33.] The Court provided the following explanation for that ruling.

> No federal claim for relief is apparent on the face of the state-court complaint, *see* ECF No. 1-5 at 1–7, and Mr. Mashak, who is a citizen of Minnesota, cannot rely upon diversity of citizenship as a basis for removal, *see* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in

6

> which such action is brought."). Everything explained in the remand Order entered in this District several years ago still applies today. *See Mashak*, 2016 WL 1239248, at *1–3. Mr. Mashak's arguments to the contrary are unpersuasive. *See* ECF No. 27 at 10–15.
>
> Mr. Mashak also argues that this Court has jurisdiction over the proceeding because he intends to present claims under 18 U.S.C. § 241 against the defendants. But there are two problems with that argument. First, § 241 is a criminal statute that does not provide a private right of action. *See, e.g.*, *United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1996). Second, even if a private litigant could prosecute claims under § 241, the question of whether this lawsuit may be removed to federal court turns on the contents of the *initial* complaint, and not on any counterclaims that Mr. Mashak as defendant might intend to raise. *See Taft v. Burlington Northern R.R. Corp.*, 926 F. Supp. 866, 868 (Minn. 1996) (explaining well-pleaded complaint rule).
>
> Moreover, Mr. Mashak's latest attempt at removal would be untimely even if it were otherwise proper. "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). The first time that Mr. Mashak filed a notice of removal, the Court concluded, as a matter of Minnesota law, that the lawsuit was served in 2015. *See Mashak*, 2016 WL 1239248, at *1-3. This lawsuit now lies miles beyond the 30-day removal deadline, even if it were removeable at all—which, again, it is not.

[*Id.* at 2–3.]

Mr. Mashak filed a notice of appeal on March 13, 2023 and applied to proceed *in forma pauperis* before the Eighth Circuit. [Doc. 45, 46.] The Court denied his IFP application as frivolous because the remand order was not appealable and noted that Mr. Mashak had been reminded through prior orders that he could not appeal such a

7

remand order based on a lack of subject matter jurisdiction. [Doc. 47 at 2.] On May 25, 2023, the Eighth Circuit dismissed Mr. Mashak's appeal for lack of jurisdiction. [Doc. 51.]

### *Other Litigation*

Fannie Mae points to two other federal cases in which Mr. Mashak was a litigant. In 2011, Mr. Mashak sued the State of Minnesota, the Minnesota Supreme Court, and others, alleging a conspiracy among judges and attorneys to retaliate against him for his advocacy seeking judicial reform. *Mashak v. Minnesota*, Civil No. 11-473 (JRT/JSM), 2012 WL 928225, at *1–5 (D. Minn. Jan. 25, 2012). The Magistrate Judge recommended the dismissal of all claims and found Mr. Mashak's proposed amendment, which would have drastically expanded an already sprawling complaint, to be futile. *Id.* at *36. After the District Judge adopted the Report and Recommendation and dismissed the case, Mr. Mashak's application for leave to proceed IFP on appeal was denied as frivolous. *Id.*, No. 11-cv-473 (JRT/JSM), Doc. No. 175 (D. Minn. June 14, 2012). The Eighth Circuit dismissed his appeal for lack of jurisdiction. *Mashak v. Minnesota*, No. 12-1935, 2012 WL 13228691 (8th Cir. July 13, 2012).

In 2018, Mr. Mashak filed a complaint asserting claims against the Commissioner of Internal Revenue. *First Nat'l Repossessors, Inc. v. Comm'r of Internal Revenue*, Case No. 18-CV-2635 (SRN/SER), 2018 WL 7286263, at *1 (D. Minn. Dec. 4, 2018). The case was dismissed for failure to prosecute, Mr. Mashak sought leave to appeal IFP, and again, his appellate IFP application was denied because the appeal he took was frivolous. *First Nat'l Repossessors, Inc. v. Comm'r of Internal Revenue*, Case No. 18-CV-2635 (SRN/SER), 2019 WL 1499528, at *1 (D. Minn. Feb. 28, 2019).

**DISCUSSION**

Fannie Mae asks the Court to impose sanctions against Mr. Mashak pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, the Court's inherent power, and pursuant to 28 U.S.C. § 1447(c). Specifically, Fannie Mae argues that each of these sources provides an independent avenue for the Court to require Mr. Mashak to pay Fannie Mae's attorney's fees and costs incurred as a result of his removal of the case to federal court and the expenses Fannie Mae incurred in connection with filing its motion for sanctions. In addition, Fannie Mae asks the Court to impose a filing restriction on Mr. Mashak that would preclude him from filing any new federal lawsuits or seeking to remove cases to federal court without first seeking permission to file or unless he is represented by counsel.

### I.    Attorney's Fees and Costs

Because it speaks directly to the availability of attorney's fees and costs in connection with a remand order, the Court begins with 28 U.S.C. § 1447(c). Under that statute, when a federal court remands a case to state court, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* The statute gives courts discretion to decide whether to award fees and costs in connection with a remand. *Minnesota v. Am. Petroleum Inst.*, No. 20-cv-1636 (JRT/HB), 2021 WL 3711072, at *4 (D. Minn. Aug. 20, 2021). Section 1447(c) is a fee-shifting statute, rather than a sanctions rule. *Robinson v. Pfizer, Inc.*, 855 F.3d 893, 898 (8th Cir. 2017).

Whether a court awards fees under this statute depends "on the reasonableness of the removal." *Convent Corp. v. City of N. Little Rock*, 784 F.3d 479, 483 (8th Cir. 2015) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). Unless there are "unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* (quoting *Martin*, 546 U.S. at 141). To assess the basis for the removal, "the court must consider the objective merits of removal at the time of removal, irrespective of the ultimate remand," and ignore the removing defendant's motive. *Id.* (quoting *Diaz v. Cameron Cnty.*, 300 F. App'x 280, 281 (5th Cir. 2008) (per curiam)).

Courts in this District have denied requests for fees and costs under § 1447(c) and found removals to be objectively reasonable where, for example, a plaintiff's citizenship for purposes of assessing diversity jurisdiction was uncertain and the removing party could have objectively believed complete diversity existed. *Carebourn Cap., L.P. v. Darkpulse, Inc.*, Case No. 21-cv-0288 (WMW/DTS), 2021 WL 614524, at *4 (D. Minn. Feb. 17, 2021). Other courts have denied requests for fees and costs where a removal raised "nuanced and complex questions" concerning federal question jurisdiction and the removing defendants "had an arguable basis" for invoking federal jurisdiction at the time of removal given the developing nature of the legal questions presented. *Am. Petroleum Inst.*, 2021 WL 3711072, at *4–5.

Unlike the situations in *Carebourn Capital* and *American Petroleum Institute* where an award of fees and costs was found to be inappropriate, the record supports a conclusion

that Mr. Mashak lacked even an arguable basis for removing the case to federal court. As the Court explained when it granted Fannie Mae's motion to remand, this case lacked any basis on which to invoke federal-question jurisdiction. A reasonable person in Mr. Mashak's position would have known that to be the case because of Judge Tunheim's March 29, 2016 remand Order. *Mashak I*, 2016 WL 1239248, at *2.

Mr. Mashak's removal also violated the forum-defendant rule in 28 U.S.C. § 1441(b)(2), which precludes removal of a case based solely on diversity of citizenship where the defendant seeking to remove the case is a citizen of the state in which the federal court sits. Although the Eighth Circuit has clarified that a violation of the forum-defendant rule is non-jurisdictional defect,[1] a reasonable person in Mr. Mashak's position would have known, at the time of the removal, that § 1441(b)(2) was still a barrier to his removal that would form a basis for remand. Judge Tunheim's 2016 remand Order in this very case made clear that even if there was diversity jurisdiction under 28 U.S.C. § 1332(a), Mr. Mashak could not remove the action to this Court because he is a citizen of Minnesota who has been properly joined and served. *Mashak I*, 2016 WL 1239248, at *2.

Finally, any reasonable person in Mr. Mashak's shoes would have known that he could not remove the action so long after he had received service of the initial pleading. In *Mashak I*, Judge Tunheim found that Mr. Mashak was served pursuant to Minnesota law

---

[1] *Holbein v. TAW Enters., Inc.*, 983 F.3d 1049 (8th Cir. 2020). In support of its motion to remand, even though Fannie Mae incorrectly argued that there was a lack of subject-matter jurisdiction based on Mr. Mashak's Minnesota citizenship and violation of the forum-defendant rule, it clearly raised the impropriety of removal under § 1441(b)(2). [Doc. 10 at 6–7.]

11

in 2015, 2016 WL 1239248, at *2–4, and 28 U.S.C. § 1446(b)(2)(B) could not be clearer in providing that a defendant has 30 days after service of the initial pleading or summons to file the notice of removal. Consequently, it was unreasonable for Mr. Mashak to remove this action so long after he had been effectively served.

None of Mr. Mashak's arguments to the contrary suggest that he had an objectively reasonable basis for removing this action a second time in December of 2022. [Doc. 1; Doc. 7; Doc. 16; Doc. 22; Doc. 23, Doc. 24; Doc. 28; Doc. 29; Doc. 30; Doc. 31.] As a result, the Court finds that Mr. Mashak was unreasonable, and under 28 U.S.C. § 1447(c), he is required to pay Fannie Mae just costs and expenses incurred as a result of the removal.[2]

## II.     Filing Restriction

In addition to the fees and expenses discussed above, Fannie Mae asks the Court to impose a filing-restriction on Mr. Mashak for his litigation conduct. Specifically, Fannie Mae asks the Court to prohibit Mr. Mashak from filing any court actions in federal court or removing any actions to federal court unless he first obtains prior court approval or is represented by counsel, and prospectively denying any application for *in forma pauperis* status.

---

[2] Because the Court finds that Mr. Mashak must pay Fannie Mae's costs and expenses incurred as a result of the removal in this action pursuant to 28 U.S.C. § 1447(c), the Court does not address whether such payment would also be authorized under Rule 11 or the Court's inherent power.

The Court has discretion to "place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *In re Tyler*, 839 F.2d 1290, 1292–93 (8th Cir. 1988) (quotation and citation omitted); *Pederson v. Kesner*, File No. 21-cv-02256 (ECT/DTS), 2022 WL 4080686, at *3 (D. Minn. Sept. 6, 2022). *Pro se* litigants like Mr. Mashak have a right of access to the courts, but that right does not include unrestricted opportunities to file frivolous, malicious, or abusive lawsuits. *In re Tyler*, 839 F.3d at 1292. Any filing restriction "must be narrowly tailored to fit the circumstances it is intended to address." *Pederson*, 2022 WL 4080686, at *3 (citing *In re Pointer*, 345 F. App'x 204, 205 (8th Cir. 2009)).

When deciding whether a filing injunction is warranted, courts consider these factors:

> (1) the party's history of litigation, particularly whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had an objectively good faith basis for pursuing the litigation; (3) whether the party has caused needless expense to other parties or has posed an unnecessary burden on the courts; and (4) whether other sanctions would adequately protect the court and other parties.

*Westley v. Bryant*, No. 14-CV-5002 (PJS/BRT), 2015 WL 2242161, at *10 (D. Minn. May 12, 2015).

Here, the Court finds that a filing restriction is appropriate.[3] Considering the relevant factors, the record supports the entry of a filing restriction. Mr. Mashak has filed duplicative lawsuits—indeed the 2015 Foreclosure Case and this action both came to the District of Minnesota as a result of removal petitions Mr. Mashak filed years apart in the same underlying state court proceeding. And this foreclosure proceeding is not the only case that Mr. Mashak has removed from state court without a proper basis. In this ongoing foreclosure proceeding and in other cases, courts have issued remand orders based on lack of subject-matter jurisdiction and other procedural flaws. Mr. Mashak has repeatedly attempted to appeal those remand orders, and more than once, he has pursued those appeals despite having been previously informed that such orders were non-appealable.

In addition, Mr. Mashak had no objectively good faith basis to remove several of the cases he has removed to federal court. When he removed the 2015 Foreclosure Case, he had no objectively good-faith basis to believe there was subject-matter jurisdiction in federal court, and he had even less of a good-faith basis to remove the same proceeding again to initiate this action. He acted unreasonably when he removed the 2013 Capital One Case involving breach of a credit-card agreement where there was no objective basis for believing that removal was appropriate. In these three cases, and in others, when

---

[3] Mr. Mashak has received notice and an opportunity to be heard regarding the filing restriction. *In re Pointer*, 345 F. App'x at 204–05 (noting that a filing restriction is a form of injunction that requires notice and opportunity to be heard). He has elected not to avail himself of that opportunity.

Mr. Mashak has sought *in forma pauperis* status on appeal, courts have denied those requests by determining that his appeals lacked a good faith basis.

Moreover, the timing of several removals demonstrates the lack of a good-faith basis for his actions. He removed the 2013 Capital One case to federal court shortly after the plaintiff filed a motion for summary judgment in state court. [Doc. 41, Ex. A at 2 ¶ 4.] He removed the 2015 Foreclosure Case just before a hearing on the Fannie Mae's motion for summary judgment was set to occur in the state case. [*Id.*, Ex. A at 3 ¶ 5.] Mr. Mashak removed this action to federal court after Fannie Mae refiled its motion for summary judgment. [*Id.*] Such removal on the heels of his opponents' dispositive motions indicate that Mr. Mashak did not reasonably believe that federal court was an appropriate forum. Rather, the conduct indicates an effort to prolong the proceedings to avoid a potentially unfavorable ruling on the merits.

The foregoing frivolous litigation conduct has caused unnecessary expense to opposing parties and placed an undue burden on the courts. Mr. Mashak's litigation opponents have been forced to incur the expense of opposing the vexatious removal of several cases to federal court. The frivolous removals have also caused courts in this District to address repetitive motions for remand and frivolous applications to proceed *in forma pauperis* on appeal. And the Eighth Circuit Court of Appeals has had to address frivolous appeals twice in this ongoing foreclosure proceeding alone as well as other objectively baseless appeals.

The Court has considered whether Mr. Mashak's vexatious litigation conduct merits a narrower pre-filing injunction than the one requested by Fannie Mae, but the Court finds

15

that the requested sanction is largely appropriate under the circumstances.[4] A filing restriction aimed solely at the most duplicative of Mr. Mashak's actions—the twice-frivolous removal of this same foreclosure action—would not sufficiently account for the conduct at issue. In addition to the conduct in this action and the 2015 Foreclosure Case, Mr. Mashak has removed other actions to federal court (the 2011 RCS Case and the 2013 Capital One Case) without any legal foundation and previous admonitions have had no deterrent effect. Aside from these objectively unreasonable removals, Mr. Mashak brought a baseless conspiracy case against State of Minnesota judicial officers and other officials in 2011. And in several of the cases discussed above, Mr. Mashak filed appeals that courts determined were not taken in good faith. Prohibiting Mr. Mashak from filing any new civil actions in the District of Minnesota or removing litigation from state court to the District of Minnesota without representation by counsel or without first obtaining prior approval from the Court will prevent similar frivolous litigation behavior in the future. The Court finds such a filing restriction is necessary to ensure that Mr. Mashak does not continue to abuse the judicial process, but it preserves his right of access to the courts for non-frivolous litigation.

---

[4] However, the Court finds that a restriction on future filing without an attorney or judicial pre-authorization is sufficient to deter future litigation abuses by Mr. Mashak, and it is not necessary to prospectively deny any application to proceed *in forma pauperis* to protect opposing parties and the Court from the burdens imposed by his frivolous litigation. Therefore, the Court omits such a prospective denial of IFP status from the filing restriction imposed.

## ORDER

Based on the discussion above, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Sanctions [Doc. 37] is **GRANTED**.

2. Defendant Donald Mashak shall pay Plaintiff's just costs and expenses, including attorney's fees, incurred as a result of the filing of the Notice of Removal in this action. Within 14 days of the date of this Order, Plaintiff shall file an affidavit or declaration and supporting exhibits establishing its reasonable fees and expenses. Within 14 days of the Plaintiff's filing, Mr. Mashak shall file any response in opposition to the requested fees and expenses.

3. The Clerk of Court shall place Defendant Donald Mashak on the list of restricted filers in this District.

4. Defendant Donald Mashak shall be prohibited from filing any court actions in the United States District Court for the District of Minnesota, whether initiated in federal court or removed from state court, unless he first obtains prior approval from a District or Magistrate Judge, or is represented by counsel.

Date: July 19, 2023

    *s/Katherine Menendez*
Katherine Menendez
United States District Judge